Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| DAVID S. KINYON, | Case No. 2-20-bk-00863-PS |
| and | **TRUSTEE'S RECOMMENDATION** |
| MICHELLE R. KINYON, | Deadline is June 8, 2020 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Home Point Financial Corporation and Toyota Lease Trust have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

2. According to the proof of claim, the IRS has estimated the Debtors' 2019 tax liability. The Trustee will not recommend confirmation of the Plan until such time as the IRS amends the POC to show the actual amount of the tax liability.

3. The Plan fails to provide for the payment of adequate protection payments to a creditor or creditors secured by depreciating personal property in contravention of Local Rule 2084-6(a). The order confirming plan is to contain a provision for the payment of adequate protection payments in the amount specified in Local Rule 2084-6.

4. According to the Debtors' Statement of Financial Affairs, the Debtors paid Global Client Solutions for debt consolidation within the one year prior to filing. The Trustee asserts that payments to this creditor within 90 days of filing are preferential and therefore avoidable pursuant to 11 U.S.C. §547. The Trustee requires the Debtor provide verification of all amounts paid within the 90 days prior to filing. The Trustee reserves the right to require additional language in the SOC in regards to any preferential payments made within 90 days of filing this instant case.

5. The Statement of Financial Affairs, Answer 27, fails to disclose business information for "Food Delivery" per the Debtors' 2019 Tax Return. The Statement must be amended to provide all required information.

6. The Trustee requires that counsel file and notice a separate fee application for attorney fees for approval by the Court.

7. Based on the proof of claim filed by Home Point Financial, the Debtor is delinquent $2,677.00 on pre-petition mortgage payments. The Stipulated Order Confirming Plan must provide the following language: Home Point Financial, secured by a first deed of trust in the Debtor's residence, shall be paid the pre-petition arrearage of $2,677.00 with 0% interest. Regular post-petition

- 2 -

payments, including all post-petition mortgage fees and expenses shall be paid directly by Debtor to the secured creditor.

8. According to the Debtors' responses on the Trustee's Questionnaire, at least one of the Debtors receive bonus income. The Trustee requires that the Stipulated Order Confirming Plan state that net bonus income received after the petition filing date for tax years 2020 through 2024, must be remitted to the Trustee as a supplemental plan payment. The bonus income shall be turned over by the Debtors within 14 days of receipt. The Debtors shall further provide copies of the Debtors' last paystub received for each year, which shows the year-to-date total bonus income received for that year.

9. **PLAN PAYMENT STATUS:** The Debtors' interim payments of $600.00 each are current through due date April 23, 2020. Subsequent payments are due each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free!' and follow the instructions.

10. **OTHER REQUIREMENTS:**

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2020 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by June 8, 2020, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2020.05.07
14:22:36 -07'00'

Copy mailed or emailed to:

DAVID S. KINYON
MICHELLE R. KINYON
45239 NORTH 16TH STREET
NEW RIVER, AZ 85087
DAVID@DESERTPOWDER.COM

SCOTT W. HYDER
LAW OFFICE OF SCOTT W. HYDER PLC
3420 E. SHEA BLVD., STE. 200
PHOENIX, AZ 85028-3365
SHYDER@SCOTTHYDERLAW.COM

Digitally signed by Debra Toner
Date: 2020.05.08 09:11:01 -07'00'

*dtoner@ch13bk.com*

- 5 -